MORGAN, LEWIS & BOCKIUS LLP
5300 Southeast Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131-2339
Telephone: (305) 415-3000
Facsimile:  (305) 415-3001
John B. Rosenquest, IV

-and-

101 Park Avenue
New York, New York 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001
Neil E. Herman
Patrick D. Fleming

*Attorneys for MERSCORP, Inc.*

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP., et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 3:09-BK-07047-JAF<br><br>(Jointly Administered) |
| NEIL F. LURIA, as Trustee to the TAYLOR, BEAN & WHITAKER PLAN TRUST,<br><br>        Plaintiff,<br>against<br><br>MERSCORP, INC.,<br><br>        Defendant. | Adv. Proc. No. 3:11-ap-00596-JAF |

**DEFENDANT MERSCORP, INC.'S ANSWER TO THE COMPLAINT TO AVOID
<u>PREFERENTIAL TRANSFERS AND TO RECOVER PROPERTY</u>**

MERSCORP, Inc. (the "Defendant"), by and through its undersigned attorneys, answering the Complaint to Avoid Preferential Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550 (the "Complaint") by Neil F. Luria, as Trustee to the Taylor Bean & Whitaker Plan Trust (the "Plaintiff"), denies each and every allegation in the Complaint, except as specifically herein admitted, qualified or otherwise answered.

1. The allegations set forth in paragraph 1 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 1 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. The allegations set forth in paragraph 2 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 2 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. The allegations set forth in paragraph 4 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 4 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. The Defendant admits that the Debtor transferred property to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

## COUNT I

7. With respect to the allegations contained in paragraph 7 of the Complaint, the Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. The Defendant admits that the Debtor transferred property to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint

10. The allegations set forth in paragraph 10 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 10 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. The allegations set forth in paragraph 11 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 11 are deemed in whole or in part to be factual, the Defendant denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. The allegations set forth in paragraph 12 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 12 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. The allegations set forth in paragraph 13 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 13 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint

16. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. The allegations set forth in paragraph 17 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 17 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

## COUNT II

18. With respect to the allegations contained in paragraph 18 of the Complaint, the Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19. The allegations set forth in paragraph 19 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent the allegations of paragraph 19 are deemed in whole or in part to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

21. The Plaintiff's claims are barred in whole or in part by operation of 11 U.S.C. §547(c)(1) because the 90-Day Transfers (as defined in the Complaint) were:

   a. intended by the Plaintiff and the Defendant to be a contemporaneous exchange for new value given to the Plaintiff; and

   b. in fact a substantially contemporaneous exchange.

## THIRD AFFIRMATIVE DEFENSE

22. The Plaintiff's claims are barred in whole or in part by operation of 11 U.S.C. §547(c)(2) because the 90-Day Transfers were in payment of a debt incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and the Defendant, and such 90-Day Transfers were:

   a. made in the ordinary course of business or financial affairs of the Plaintiff and the Defendant; or

    b.    made according to ordinary business terms.

## FOURTH AFFIRMATIVE DEFENSE

23. The Plaintiff's claims are barred in whole or in part by operation of 11 U.S.C. §547(c)(4) because after each such 90-Days Transfers, the Defendant gave new value to or for the benefit of the Plaintiff:

    a.    not secured by an otherwise unavoidable security interest; and

    b.    on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

WHEREFORE, the Defendant respectfully requests dismissal of the Complaint with prejudice, together with costs; and granting such other and further relief as the Court may deem just and proper.

Dated: October 18, 2011                            Respectfully submitted,

                                                          */s/ John B. Rosenquest, IV*
John B. Rosenquest, IV
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415-3423
Facsimile: (305) 415-3001

-and-

Neil E. Herman
Patrick D. Fleming
101 Park Avenue
New York, New York 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Attorneys for MERSCORP, Inc.*